**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ADAM EHRLICH, *et al.*,**<br>Plaintiffs,<br>**v.**<br>**CITY OF PHILADELPHIA, *et al.*,**<br>Defendants. | **CIVIL ACTION**<br><br>**NO. 25-4366** |

**Perez, J.** **November 23, 2026**

# MEMORANDUM

This civil rights action arises from the alleged effort by the City of Philadelphia (the "City") to shut down and ultimately demolish a privately owned building at 2837 Kensington Avenue (the "Property"). Plaintiffs Adam Ehrlich and A Kensington Joint LLC allege that City officials targeted the Property before identifying structural code violations and subsequently used enforcement proceedings to carry out that objective. Plaintiffs assert federal constitutional and state law claims against the City, Philadelphia Police Department officers, Mayor Cherelle Parker, and former Mayor James Kenney (collectively, the "City Defendants").

The case now returns to the Court following its dismissal, with leave to amend, of Plaintiffs' procedural due process claim against both mayors for failure to allege their personal involvement in the challenged conduct. ECF No. 13. Plaintiffs have since filed a First Amended Complaint ("FAC"), ECF No. 15, adding allegations concerning a 2022 meeting involving then-Mayor Kenney and asserting that Mayor Parker subsequently allowed the alleged course of conduct to continue. The FAC also renews Plaintiffs' civil rights conspiracy claim against both mayors, now designated Count IX. The City Defendants again seek dismissal, contending that the amended

allegations fail to establish either mayor's personal involvement in a constitutional violation. ECF No. 19.

The amended allegations warrant different outcomes for the two mayors. The FAC plausibly alleges former Mayor Kenney's personal involvement in the challenged conduct but fails to establish Mayor Parker's involvement in the alleged constitutional violations. Nor does the FAC plausibly allege that either mayor agreed to deprive Plaintiffs of their constitutional rights. Accordingly, the Court will grant the motion in part and deny it in part.

## I. LEGAL STANDARD

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a [plaintiff's] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When ruling on a Rule 12(b)(6) motion to dismiss, this Court accepts Plaintiffs' allegations in their Complaint as true and makes reasonable inferences based on the facts, in the light most favorable to Plaintiffs. *David v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016). This Court need not accept legal conclusions and conclusory statements in the Complaint. *Id.* The Court applies the same standard in assessing the legal sufficiency of amended complaints. *Stokes Rowe P'ship v. United Am. Sur. Co.*, Civ. No. 89-0612, 1989 WL 118910, at *1 (E.D.Pa. Oct. 5, 1989).

## II. BACKGROUND OF THE CASE

The Court assumes familiarity with the factual and procedural background set out in its prior Memorandum, ECF No. 13, addressing the City Defendants' first motion to dismiss, ECF

No. 11. The Court incorporates that background by reference and repeats only the facts necessary to resolve the renewed motion to dismiss the Mayoral Defendants, ECF No. 19. The relevant procedural history and allegations added in the FAC warrant further discussion because they determine whether the claims against Mayor Parker and former Mayor Kenney (collectively, the "Mayoral Defendants") may now proceed.

In the original complaint, Count VIII asserted procedural due process, Count IX asserted substantive due process, and Count X asserted civil rights conspiracy. The Court dismissed the individual-capacity claims against the Mayoral Defendants with leave to amend. ECF Nos. 13–14. Its memorandum found the due process allegations insufficient to establish either mayor's personal involvement and rejected the substantive due process theory as duplicative of more specific constitutional protections. ECF No. 13. Although the memorandum discussed allegations of coordinated conduct, it did not separately analyze the elements of the original conspiracy claim.

The FAC retains the procedural due process claim as Count VIII, drops the substantive due process theory, and renumbers the conspiracy claim as Count IX. ECF No. 15. It adds allegations that Kenney attended the 2022 meeting and that Parker later failed to reverse or repudiate the prior administration's conduct. *Id.* ¶¶ 28–32. The renewed motion challenges both mayors' personal involvement and, separately, the absence of a plausibly alleged conspiratorial agreement. ECF No. 19.

The principal allegations against the Mayoral Defendants appear in paragraphs 28–32 of the FAC. Plaintiffs allege, as they did in their initial complaint, that in 2022, before any structural code violations were issued, a meeting occurred involving "at least one" City Councilmember, the

Mayor of Philadelphia[1] "or a representative from the Mayor's Office[,]" and Dr. Bill McKinney of the New Kensington Community Development Corporation ("NKCDC"). FAC ¶ 28, ECF No. 15. The meeting concerned Plaintiff Ehrlich's acquisition of the Property and was held "to form policy" and "to find a way to rid Kensington" of the building despite its claimed lawful operating rights. *Id.*

The FAC adds to this claim by attaching a video exhibit depicting a conversation between a Philadelphia police officer and an NKCDC representative, captured by the officer's body-worn camera. *See* Notice of Video Exhibit, ECF No. 16. FAC ¶ 29, ECF No. 15. During that conversation, the representative references a meeting with "the Mayor" and suggests that the reasoning for the expedited demolition process of the Property is because of the involvement by "the Director's Office."[2] *Id.* Although Mayor Parker did not hold office at the time of the alleged meeting the FAC separately alleges that, upon assuming office, she "did not repudiate, reverse, or correct the executive-level plan initiated during the prior administration[.]" *Id.* ¶ 32.

Of the FAC's nine counts, only two are presently before the Court. Count VIII asserts procedural due process violations arising from actions affecting the Property and Ehrlich's License to Carry Firearms. FAC ¶¶ 156–61, ECF No. 15. Count IX alleges civil rights conspiracy. *Id.* ¶¶ 165–69. The question is whether the FAC pleads each mayor's personal involvement in the alleged deprivations and, separately, an agreement to violate constitutional rights. Count VIII asserts procedural due process violations arising from actions affecting the Property and Ehrlich's License to Carry Firearms. FAC ¶¶ 156–61, ECF No. 15. Count IX alleges civil rights conspiracy. *Id.* ¶¶

---

[1] At the time of the meeting, the Mayor of Philadelphia was James Kenney.

[2] Plaintiffs contend, upon information and belief, that the "Director's Office" referenced in the video refers to the City of Philadelphia Managing Director's office, which operates under the authority of the Mayor of Philadelphia. *Id.* ¶ 30.

165–69. The question is whether the FAC pleads each mayor's personal involvement in the alleged deprivations and, separately, an agreement to violate constitutional rights.

## III. DISCUSSION

### A. Count VIII States a Claim Against Former Mayor Kenney but Not Mayor Parker.

The FAC plausibly alleges former Mayor Kenney's personal involvement in the challenged conduct but fails to establish a sufficient factual basis for individual liability against Mayor Parker.

To proceed against either mayor in an individual capacity under 42 U.S.C. § 1983, Plaintiffs must plausibly allege that each Mayoral Defendant, through their own individual actions, was personally involved in the alleged constitutional violations. *Est. of Smith v. Marasco*, 430 F.3d 140, 151 (3d Cir. 2005); *Iqbal*, 556 U.S. at 676. Personal involvement can be demonstrated by describing "personal direction or . . . actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). These allegations must be made with "appropriate particularity." *Id.*

A supervisor also may be liable in limited circumstances where the supervisor established and maintained a policy, practice, or custom that directly caused the constitutional harm, or where the supervisor participated in, directed, or knowingly acquiesced in the subordinate's unconstitutional conduct. *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004); *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316–17 (3d Cir. 2014), *rev'd on other grounds*, 575 U.S. 822 (2015). The mere fact that a defendant holds a high public office is not enough. A complaint must tie the individual official to the alleged violation with facts showing what the official did, knew, approved, or deliberately ignored. That is, a plaintiff must allege facts

connecting the official's own conduct to the constitutional violation. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010); *Evancho v. Fisher*, 423 F.3d 347, 353–54 (3d Cir. 2005).

Plaintiffs' theory remains that the City decided to eliminate the Property first and supplied enforcement justifications later. To proceed against the Mayoral Defendants individually, though, Plaintiffs must link that alleged decision directly to Mayor Parker and former Mayor Kenney and further connect it to a resulting constitutional deprivation. Plaintiffs attempt to do that in paragraphs 28–32 of the FAC, which contains allegations of a 2022 meeting involving representatives from City Council, the Mayor's office, and the NKCDC. FAC ¶ 28, ECF No. 15.

The significance of this meeting lies in whether it plausibly connects either Mayoral Defendant to the City's purported plan to target and eliminate the Property. Plaintiffs allege that this meeting was convened "to form policy" and "to find a way to rid Kensington" of the Property before any structural violations were issued. The body-camera statements lend further support to this theory: the NKCDC representative referenced a meeting "with the Mayor," described the City's expedited enforcement efforts, and stated that the Director's Office "want[s] it down." FAC ¶ 29, ECF No. 15. Plaintiffs allege that the Director's Office operates under the mayor's authority. *Id.* ¶ 30. These allegations, however, bear differently on the two Mayoral Defendants.

**a. Mayor Parker**

Mayor Parker was not the Mayor of Philadelphia at the time of the alleged meeting. The allegation that Mayor Parker "individually ratified and continued the same municipal course of conduct" upon assuming office is conclusory. *Id.* ¶ 32. Plaintiffs fail to allege any meeting, communication, directive, or other participation by Parker from which the Court could reasonably infer her knowledge of or acquiescence in the alleged constitutional violations. Merely alleging

involvement by the mayor's office or offices that operate "under the authority of the Mayor" in the continued conduct does not satisfy the pleading requirements to establish personal involvement by Mayor Parker under *Iqbal* and *Rode*. Plaintiffs failed to state an individual capacity claim against Mayor Parker. Therefore, the City Defendants' motion will be granted as to Mayor Parker.

Dismissal will be with prejudice. In civil rights cases, leave to amend should generally be granted unless amendment would be inequitable or futile. *Phillips*, 515 F.3d at 236; *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002). Futility means that the amended complaint would still fail to state a claim. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

Here, Plaintiffs have already had an opportunity to cure this precise pleading deficiency. Despite the Court's prior dismissal of Count VIII for failure to allege personal involvement, the FAC identifies no additional conduct connecting Parker to the alleged constitutional violations. On this record, further amendment would be futile.

**b. Mayor Kenney**

By contrast, the FAC does succeed in plausibly pleading individual liability against former Mayor Kenney. Mayor Kenney was the Mayor of Philadelphia at the time of the alleged 2022 meeting. While paragraph 28 still frames his attendance at this meeting in the alternative, paragraph 29 introduces additional factual support for his attendance and further involvement.

In the videotaped conversation about the Property between a Philadelphia police officer and a representative from the NKCDC, the representative stated that "[a]bout nine months ago [he was] in a meeting with the Mayor" who "couldn't get his head around how all this stuff was going on." FAC ¶ 29(e), ECF No. 15. Merely stating that the mayor was present for a meeting regarding the Property "is an insufficient basis on which to impose liability for an unconstitutional act." *King*

*v. Cuyler*, 541 F.Supp. 1230, 1235 (E.D.Pa. 1982). That is especially true here, since Plaintiffs do not allege what was said during the meeting, what decisions, if any, were made, and what actions were taken by the mayor after. *See, e.g.*, *Noonan v. Kane*, 504 F.Supp.3d 387, 408 (E.D.Pa. 2020) ("[T]hird-party statements, assuming they are credible and otherwise admissible, cannot be used to support liability against [a defendant] under § 1983" where the record is otherwise devoid of evidence that the defendant directed, authorized, or caused the unconstitutional conduct).

At the same time, however, mere presence may nevertheless "be evidence of actual knowledge of and acquiescence in the improper behavior." *King*, 541 F.Supp. at 1235 (citation omitted). Plaintiffs allege that the 2022 meeting took place "before any structural violations were placed on the Property" and the attendees discussed Plaintiffs' acquisition of the Property, formed policy, and discussed a way to rid Kensington of the Property. FAC ¶ 28, ECF No. 15. The recorded conversation further describes an expedited demolition process and attributes the City's efforts to the involvement of the Director's Office, which Plaintiffs allege operated under the mayor's authority. *Id.* ¶¶ 29–30. Considered together, and drawing reasonable inferences in Plaintiffs' favor, these allegations permit a reasonable inference that Mayor Kenney knew of and acquiesced in the alleged plan to target the Property.

To be clear, the FAC does not prove Mayor Kenney had knowledge of, directed, or acquiesced in the specific due process violations,[3] but a plaintiff is "not required to meet the evidentiary standard of establishing a prima facie case in order to survive a Rule 12(b)(6)" motion.

---

[3] Plaintiffs' claim the Defendants deprived Plaintiffs of their property interest in 2837 Kensington Avenue (the "Property") by: (1) boarding and sealing the Property without inspection, notice, or lawful cause while occupants remained inside; (2) ordering the termination of electricity without notice, manufacturing violations to justify enforcement; and (3) initiating emergency demolition proceedings without providing adequate notice or opportunity to contest the actions before a neutral decisionmaker. FAC ¶¶ 1257–58, ECF No. 15. Plaintiff further alleges a deprivation of his property and liberty interest by Defendants suspending his License to Carry Firearms without affording him prior notice, a statement of reasons, or an opportunity to be heard. *Id.* ¶ 159.

*Gilliss v. Dentsply, LLC*, 116 F.Supp.3d 433, 438 (D. Del. 2015). At this stage, Plaintiffs need not prove the precise extent of Kenney's involvement. The pleading requirement demands only "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element [or elements]." *Id.* (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)). The allegations concerning the meeting, its asserted purpose, and the ensuing demolition efforts satisfy that threshold. Accordingly, the Court will deny the motion to dismiss Count VIII against former Mayor Kenney.

### B. Count IX Fails to State a Conspiracy Claim Against Either Mayoral Defendant.

Count IX fails because the FAC does not plausibly allege that either Mayoral Defendant agreed to deprive Plaintiffs of their constitutional rights. Plaintiffs allege the Defendants "entered into an agreement and understanding to deprive Plaintiff [Ehrlich] of his constitutional rights to property, due process, and to keep and bear arms." FAC ¶ 165, ECF No. 15.

A conspiracy claim under § 1983 requires that "a plaintiff . . . set[s] forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) (quoting *Shearin v. E.F. Hutton Grp., Inc.*, 885 F.2d 1162, 1166 (3d Cir. 1989), *abrogated on other grounds by Beck v. Prupis*, 529 U.S. 494 (2000)). Conclusory allegations that there was an agreement or an understanding in place between the alleged conspiratorial parties "are not entitled to the assumption of truth." *Id.* at 177 (citing *Iqbal*, 556 U.S. at 680).

Plaintiffs identify a general time period of the alleged conspiracy and the subsequent enforcement activity concerning the Property but allege no facts supporting a reasonable inference

that either mayor agreed with other City Defendants to violate Plaintiffs' constitutional rights. An agreement to pursue enforcement or demolition of the Property, even if aggressive or improper, is not itself an agreement to deny constitutionally required process.

The allegations against each mayor fail for distinct reasons. The FAC does not allege Mayor Parker even participated in the 2022 meeting where this alleged agreement was formed. As to former Mayor Kenney, the allegations permit an inference that he knew of and acquiesced in the alleged plan to target the Property. They do not, however, support the further inference that he agreed with other officials to deny Plaintiffs constitutionally required process. Personal involvement in the alleged enforcement plan does not, without more, establish the agreement necessary to sustain a conspiracy claim. Plaintiffs merely speculate that a conspiratorial scheme existed, which is insufficient to survive a motion to dismiss under *Iqbal*. *Villarosa v. N. Coventry Twp.*, Civ. No. 15-4975, 2016 WL 4062731, at *10 (E.D.Pa. July 28, 2016).

Dismissal of Count IX against Mayor Parker will be with prejudice. The alleged 2022 meeting and the challenged constitutional deprivations predate Parker's administration, and the FAC identifies no subsequent communication, directive, or other conduct supporting a reasonable inference that she joined an agreement to violate Plaintiffs' constitutional rights. Although the Court previously afforded Plaintiffs leave to amend their individual-capacity claims against Parker, the FAC offers only the conclusory assertion that she ratified and continued the prior administration's conduct. Plaintiffs have thus failed to cure the absence of factual allegations connecting Parker to the alleged conspiracy. On this record, the Court concludes that further amendment would be futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). Accordingly, Count IX will be dismissed with prejudice against Mayor Parker.

As to former Mayor Kenney, however, dismissal will be without prejudice. Although the Court previously dismissed the conspiracy claim against him, it did not separately analyze the sufficiency of the alleged agreement. Moreover, the FAC adds factual allegations plausibly connecting Kenney to the 2022 meeting, though those allegations remain insufficient to establish his participation in a conspiracy. Under these circumstances, the Court will afford Plaintiffs an opportunity to amend Count IX to allege additional nonconclusory facts supporting a conspiratorial agreement, if they can do so.

## IV. CONCLUSION

For the foregoing reasons, the City Defendants' partial motion to dismiss will be granted in part and denied in part. Counts VIII and IX will be dismissed with prejudice against Mayor Parker. The motion will be denied as to Count VIII against former Mayor Kenney. Count IX will be dismissed without prejudice against former Mayor Kenney.